# F. A. North Co., Appellant. *v.* Tillott.

*Bailments—Contemporaneous agreement—Replevin — Affidavit of defense.*

Where a balance of ten dollars remains unpaid on the purchase price of a piano, the vendor is not entitled to recover the piano in an action of replevin under the terms of the lease, where there was a contemporaneous agreement whereby such balance should not be paid until the plaintiff should be given a piano stool, which she did not receive.

An affidavit of defense is sufficient which does not attempt to vary the terms of a lease, but alleges a new arrangement evidenced in writing, upon a lawful consideration, as to the payment of the last installment.

Argued Oct. 22, 1918.   Appeal, No. 35, Oct. T., 1918, by plaintiff, from order of C. P. No. 3, Philadelphia Co., June Term, 1917, No. 3098, discharging rule for judgment for want of a sufficient affidavit of defense, in case of F. A. North Co., a corporation, v. Mamie Tillott.   Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Replevin for piano.   Before McMICHAEL, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order of court.

*Francis Chapman,* of *Chapman & Chapman,* for appellant.

*George F. Deisher,* for appellee.

OPINION BY TREXLER, J., March 3, 1919:

This was a suit in replevin for a piano which was leased to the defendant on what is commonly known as an installment lease. After $375 was paid a bill of sale was to be given. All but $10 of this amount was paid and the plaintiff seeks to recover the instrument by reason of the failure to pay this small balance. The defense is that $365 has been paid and that the remainder $10 is not due by reason of the failure of the plaintiff to give defendant a piano bench. The plaintiff gave such a bench to the defendant but it was not finished in a style to match the piano and was taken back by the plaintiff in order that it might be changed to conform in appearance to the instrument. This bench was never returned to the defendant. Prior to the plaintiff taking back the bench it wrote a letter containing the following: "We have this day instructed our shipper to send our truck to your home to bring the Mahogany Bench that you have there in your possession to match the Lester Piano in your home......After it is finished, we shall ask you to call here and inspect it so it will be satisfactory before its delivery. We shall expect you to pay the balance of $10 that is still due after this is finished."

The argument of the appellant is directed to the proposition that as the lease contained the provision, "No agent is authorized to make any contract or verbal promise differing in anywise from that written and printed on this sheet," the affidavit of defense is an attempt to vary the contract by showing a contemporaneous verbal agreement without any allegation of fraud, accident or mistake. We think this has no application to the matter before us. The arrangement in regard to the piano bench binds both parties. The defendant gave up the bench which was in her possession and until it was returned there was something due her and, under the very offer of the plaintiff she was not expected to pay the $10 balance until the stool was returned. Notwithstanding

the lease the parties were sui juris and could make any contract they pleased as to the balance still due. The most solemn contract, if all the parties in interest agree, may be set aside. This is not an attempt to vary the terms of the lease but is a new arrangement evidenced in writing upon a lawful consideration as to the payment of the last installment·  The court was right in declining to enter judgment.

The order of the court is affirmed.